# EXHIBIT A

5-22-17

**SUMMONS**

**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/20/2017 3:18:19 PM
By: Jessica Ray, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS, ROEBUCK AND CO.; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YARITZA ALFARO on behalf of herself
and all other similarly situated employees

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso):* **17CV000267** |
|---|---|

Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
B. James Fitzpatrick
555 S. Main Street, Salinas, CA 93901
Telephone: (831) 755-1311

| DATE: 1/20/2017 *(Fecha)* | TERESA A. RISI Clerk, by *(Secretario)* | /s/ Jessica Ray , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   Sears, Roebuck and Co.

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| **SUMMONS** | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

Essential Forms

Alfaro, Yaritza

---

**SUPERIOR COURT OF MONTEREY COUNTY**
Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940

| YARITZA ALFARO | **CASE NUMBER**<br>**17CV000267** |
|---|---|
| vs.<br>**SEARS, ROEBUCK AND CO:** | **Case Management Conference** |

### NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills**

**Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham**

This notice and Alternative Dispute Resolution (ADR) information packet must be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at www.montereycourt.ca.gov .* A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>May 23, 2017</u>  Time:<u>9:00 AM</u>    Department 15

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**
**(Civil)**                              [Rev. January 2016]

# Alternative Dispute Resolution [ADR Packet]
## OPTIONS FOR RESOLVING YOUR DISPUTE

### There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

### Advantages of ADR

Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

### What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Page 1 of 2

**Cases for Which Mediation May Not Be Appropriate**: Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate**: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**: If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**: Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**: Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADR-100**

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| | |

(_____)

| | |
|---|---|
| **TELEPHONE NO.:** | **FAX NO.:** |
| **E-MAIL ADDRESS:** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

**STREET ADDRESS:**
**MAILING ADDRESS:**
**CITY AND ZIP CODE:**
**BRANCH NAME:**

**CASE NAME:**

| | |
|---|---|
| **STATEMENT OF AGREEMENT OR NONAGREEMENT** <br> ☐ **First**    ☐ **Supplemental** | **CASE NUMBER:** |

**The mediator must complete, serve, and file this form**
- **within 10 days after conclusion of the mediation, or by an another date set by the court, in all cases assigned to mediation under the Civil Action Mediation Program. (Code Civ. Proc., § 1775 et seq.)**
- **as required by the court in other mediation programs.**

**In completing this form, the mediator must not**
- **provide any information beyond what is specifically requested, or**
- **disclose any settlement terms, confidential communications, mediation conduct, or mediator conclusions or impressions. (Evid. Code, § 1115 et seq.)**

---

1. I was appointed, assigned, or retained as the mediator in this case on *(date):*

2. The mediation *(check one)*

    a. ☐ was not scheduled.

    b. ☐ was scheduled but not held.

    c. ☐ was held as follows:
        (1) Session dates *(specify all):*
        (2) Number of sessions:
        (3) Total length of sessions *(hours):*

3. ☐ The mediation ended on *(date):*

    a. ☐ in a full agreement.

    b. ☐ in a partial agreement.

    c. ☐ in nonagreement.

4. ☐ The mediation has not yet ended. I submit this form to comply with the court's requirement to do so by a specified date. *(Complete the items below. In Civil Action Mediation Programs and where otherwise required by the court, file a supplemental Statement of Agreement or Nonagreement within 10 days after the mediation ends or by such other date as the court may set.)*

    a. The mediator anticipates that the mediation will be completed by *(date):*
        **NOTICE TO PARTIES:** This form does not extend any mediation completion deadline that the court has set. You must request any necessary extension from the court.

    b. The next mediation session is scheduled for *(date):*

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF MEDIATOR)

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. July 1, 2012]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Code of Civil Procedure, § 1775.9
Cal. Rules of Court, rule 3.865
www.courts.ca.gov

## PROOF OF SERVICE OF STATEMENT OF AGREEMENT OR NONAGREEMENT

1. At the time of service, I was over 18 years of age and not a party to this action.

2. My residence or business address is:

3. ☐  The fax number or electronic service address from which I served the document is *(complete if service was by fax or electronic service):*

4. I served the *Statement of Agreement or Nonagreement* (form ADR-100) on the person or persons below, as follows:

| a. Name of person served | b. Manner of service (specify personal, mail, fax, or electronic) | c. Physical or mailing address, fax number, or electronic service address where person was served | d. Date of service | e. Time of service |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

5. The form ADR-100 was served by the following means *(check and complete all that apply):*

a. ☐  **Where personal service is indicated in item 4.b.,** I personally delivered the form ADR-100 to the persons for whom personal service is indicated, at the addresses listed in item 4.c. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, or in a visible location in the office between the hours of 9 a.m. and 5 p.m. (2) For a party, delivery was made to the party or by leaving the document at the party's residence with some person not younger than 18 years of age between the hours of 8 a.m. and 6 p.m.

b. ☐  **Where service by mail is indicated in item 4.b.,** I enclosed the form ADR-100 in a sealed envelope or package addressed to the persons at the addresses in item 4.c. and *(specify one):*

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident of or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐  **Where fax transmission is indicated in item 4.b.,** based on an agreement of the parties to accept service by fax transmission, I faxed the form ADR-100 to the persons at the fax numbers listed in item 4.c. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached.

d. ☐  **Where electronic service is indicated in item 4.b.,** I caused the form ADR-100 to be served on the persons at the electronic service addresses listed in item 4.c., in accordance with a court order or an agreement of the parties allowing electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

<table>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):</td><td></td></tr>
<tr><td colspan="2">TELEPHONE NO.:                     FAX NO. (Optional)<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td></td></tr>
<tr><td colspan="2">SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY<br>MAILING ADDRESS: 1200 Aguajito Road</td><td></td></tr>
<tr><td colspan="2">CITY AND ZIP CODE: Monterey, CA 93940</td><td></td></tr>
<tr><td colspan="2">PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT:</td><td></td></tr>
</table>

| **Request to Vacate or Continue Initial Case Management Conference and Order** | **Case Number:** |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

| Date: | Time: | Dept.: | Div.: | Room: |
|---|---|---|---|---|

> ▶ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 15 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.
>
> ▶ PER LOCAL RULE 6.08(e), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check ☑ one]:

   ☐ Court-Directed mediation        ☐ Private mediation
   ☐ Nonbinding judicial arbitration        ☐ Private arbitration
   ☐ Other:

   **THE PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested.

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

**REQUEST TO VACATE OR CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ORDER**
Clerk-CM100
Revised August 2010, Mandatory Form

| **Request to Vacate or Continue Initial Case Management Conference and Order** | **Case Number:** |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner.  For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III.   Parties  anticipate case will be ready to set for trial as of
_____. Further Case Management Conference is requested.

10. Other: _____

_____

_____

_____. Further Case Management Conference is requested.

_____     _____
Counsel for Plaintiff (print name)            Counsel for Defendant (print name)

_____     _____
Signature                                                      Signature

_____     _____
Counsel for Plaintiff (print name)            Counsel for Defendant (print name)

_____     _____
Signature                                                      Signature

For additional parties, attach additional signature pages as needed.

---

Good Cause appearing, IT IS SO ORDERED that the Case Management Conference set for

_____ is vacated.

☐ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

☐ Receipt of Dismissal is set for _____.

☐ Further Case Management Conference is set for_____. Parties
shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.

Dated: _____        _____
                                                        *Judge of the Superior Court*

---

**REQUEST TO VACATE OR CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ORDER**
Clerk-CM100
Revised August 2010, Mandatory Form

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 4/26/2017 9:22:27 AM
By: Janet Nicholson, Deputy

1  B. James Fitzpatrick (SBN: 129056)
   Charles Swanston (SBN: 181882)
2  FITZPATRICK, SPINI & SWANSTON
   555 S. Main Street
3  Salinas, CA 93901
   Telephone: (831) 755-1311
4  Facsimile: (831) 755-1319

5  Attorneys for Plaintiff,
   YARITZA ALFARO on behalf of herself
6  and all other similarly situated employees

7

8            **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF MONTEREY**

10 YARITZA ALFARO on behalf of herself          Case No. 17CV000267
   and all other similarly situated employees,
11                                               **FIRST AMENDED CLASS ACTION**
              Plaintiff,                         **COMPLAINT FOR DAMAGES AND FOR**
12                                               **INJUNCTIVE RELIEF**
   v.
13
   SEARS, ROEBUCK AND CO.; and DOES 1
14 through 100, inclusive,

15            Defendants.

16
17     COMES NOW Plaintiff YARITZA ALFARO who on behalf of herself and all other

18 similarly situated current and former employees complain and allege as follows:

19     1.     As used herein, the term "Plaintiff" includes YARITZA ALFARO who is the

20 named Plaintiff and Class Representative herein.

21     2.     Plaintiff and the members of each subclass alleged herein (collectively,

22 "Class Members") seek remedies for all compensation and penalties due to the Class Members

23 during the "Class Period," which is defined as the period of time beginning four years before the

24 commencement of this action through the date on which final judgment is entered, based upon

25 information and belief that Defendants are continuing and will continue the unlawful

26 employment practices as described herein.

27     3.     Each of the Class Members are identifiable, similarly-situated persons and are

28 now, or at some point during the Class Period were, employed by Defendants.  Plaintiff reserves

-1-

*Alfaro v. Sears, Roebuck and Co.*          First Amended Class Action Complaint for Damages
Case No. 17CV000267                                              and For Injunctive Relief

1  her right to seek additional amendments of this Complaint to add as named Plaintiff some or all

2  of the persons who are members of the Plaintiff's Class.

3       4.     Plaintiff YARITZA ALFARO is a competent adult female and is, and at all times

4  relevant herein has been, a resident of Monterey County, in the State of California. Plaintiff is,

5  and at all relevant times was, an individual as defined in Business and Professions Code §§

6  17201 and 17204.

7       5.     Defendant SEARS, ROEBUCK AND CO. ("SEARS"), is and at all times

8  mentioned in this complaint has been a corporation incorporated under the laws of the State of

9  New York, conducting business throughout the State of California. At all times alleged herein,

10  Defendant SEARS has maintained its primary place of business in the County of Monterey, in

11  the State of California, and has expressly consented to jurisdiction in California, and Plaintiff is

12  informed and believes and thereon alleges that Defendant SEARS has purposefully availed itself

13  of the privileges and benefits of doing business in the County of Monterey, State of California,

14  and thus is subject to jurisdiction in the County of Monterey, in the State of California.

15       6.     Plaintiff and the Class Members are ignorant of the true names, identities,

16  capacities and relationships of the Defendants sued herein as DOES 1 through 100, inclusive,

17  and therefore sue these Defendants by such fictitious names. Plaintiff and the Class Members

18  are informed and believe, and thereon allege, that each of these fictitiously named Defendants

19  are responsible in some manner for the occurrences herein alleged, and that Plaintiff and the

20  Class Members' damages as herein alleged were proximately caused by DOES 1 through 100.

21  Plaintiff and the Class Members will amend this Complaint to allege the true names and

22  capacities of said DOE Defendants when such information is ascertained. Each reference to

23  "Defendants," and each reference to any particular Defendant herein, shall be construed to refer

24  to all of those fictitiously named herein as a "DOE" Defendant, and each of them.

25       7.     Plaintiff and the Class Members are informed and believe, and thereon allege, that

26  each of the Defendants herein was at all times relevant to this action the agent, employee,

27  representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and

28  that each of the Defendants herein was at all times acting within the course and scope of that

-2-

*Alfaro v. Sears, Roebuck and Co.*          **First Amended Class Action Complaint for Damages**
Case No. 17CV000267                                     **and For Injunctive Relief**

EXHIBIT A - PAGE 11

1  relationship.  Plaintiff and the Class Members are further informed and believe, and thereon

2  allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of

3  each of the remaining Defendants herein.  The conduct of each of the Defendants was at all times

4  herein in accordance with and represents the official policy of Defendants.  Additionally, at all

5  times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions

6  of each and all of the other Defendants, which proximately caused the damages herein alleged.

7  Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of

8  the Defendants jointly employed Plaintiff and the Class Members herein and/or carried out a

9  joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant

10  are legally attributable to the other Defendants such that they are deemed a single integrated

11  enterprise and agents of one another so that all Defendants are each jointly and severally liable

12  for the acts and omissions hereinafter alleged.

13      8.      Defendants SEARS and DOES 1 through 100 ("Defendants") are "persons" as

14  defined in California Business and Professions Code § 17201.

15      9.      At all times during the Class Period, Defendants directly or indirectly, or through

16  an agent or representative, exercised control over the wages, hours and/or working conditions of

17  Plaintiff and the Class Members, and directly or indirectly or through an agent or other person

18  engaged, suffered, or permitted Plaintiff and the Class Members to work.

19                              **JURISDICTION AND VENUE**

20      10.     This Court has jurisdiction over this action pursuant to Article VI, section 10 of

21  the California Constitution.  Plaintiff brings this Complaint for violations of California law

22  occurring in the County of Monterey, including without limitation violations of the California

23  Labor Code, Business and Professions Code, Civil Code and common law, and the amount in

24  controversy exceeds the minimum jurisdictional amount of the Superior Court.  Based on

25  information and belief, Defendants are citizens of this State and have sufficient minimum

26  contracts in the State, or have otherwise intentionally availed themselves of the benefits and

27  privileges available within this State, economic or otherwise, so as to render the exercise of

28  jurisdiction over them by the courts of the State of California consistent with traditional notations

-3-

*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                    and For Injunctive Relief

EXHIBIT A - PAGE 12

1 │ of fair play and substantial justice. Accordingly, this Court has jurisdiction over the parties and
2 │ claims in this matter.

3 │     11.     Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial
4 │ district because Defendants now and throughout the Class Period did, reside and/or transact
5 │ business in the County of Monterey, employed Plaintiff, employed Class Members and continue
6 │ to employ Class Members and other similarly situated persons in the County of Monterey. The
7 │ conduct alleged herein and the damages resulting therefrom occurred in the County of Monterey,
8 │ and at all times herein Defendants maintained their principal place of business in the County of
9 │ Monterey, State of California.

10 │                          **ADMINISTRATIVE PROCEEDINGS**

11 │     12.     Pursuant to California Labor Code § 2699.3, Plaintiff and the Class Members
12 │ gave notice on January 19, 2017, by online submission to the Labor and Workforce Development
13 │ Agency and by certified mail to Defendants of the factual and legal basis for the labor law
14 │ violations alleged in this Complaint. Prior to filing this Complaint, Plaintiff and the Class
15 │ Members allowed 65 days to lapse for the Labor and Workforce Development Agency to
16 │ investigate such violations.

17 │     13.     Pursuant to California Labor Code § 2699.3, Plaintiff and the Class Members seek
18 │ all applicable penalties for violations which the Labor and Workforce Development Agency has
19 │ failed or elected not to investigate and/or failed or elected not to issue a citation. Plaintiff and
20 │ the Class Members have exhausted all administrative remedies required by the Labor and
21 │ Workforce Development Agency as a prerequisite to filing this action.

22 │                             **GENERAL ALLEGATIONS**

23 │     14.     During the Class Period, Defendants owned, operated and controlled a business
24 │ for the purpose of operating a business that employs persons within the meaning of California
25 │ Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 and the California Code of
26 │ Regulations ("CCR"), title 8, §11040.

27 │     15.     On information and belief, Defendants recruited, solicited, hired and employed
28 │ and furnished employment, and was an employer pursuant to IWC Wage Order No. 4-2001 and

-4-

1  8 CCR § 11040 (hereinafter collectively referred to as "the Wage Order"), which applies to
2  occupations in the professional, technical, clerical, mechanical and similar occupations.

3      16.    At all times herein alleged, Plaintiff and the Class Members were employees of
4  Defendants under the California Labor Code and were protected by the provisions of the Wage
5  Order.

6      17.    Plaintiff YARITZA ALFARO was employed by Defendants from November 10,
7  2016 through December 15, 2016. Plaintiff was employed by Defendants pursuant to an
8  unwritten contract, some of the terms of which were the product of an oral agreement, with other
9  terms implied from or incorporated from written materials and policies maintained by
10 Defendants and from the conduct of the parties. The terms of this contract included but were not
11 limited to, that Plaintiff would perform services for Defendants as a sales associate, and at all
12 times as an employee not exempted from the California Labor Code.

13     18.    Throughout the Class Period, prior to the commencement of their employment,
14 Defendants required Plaintiff and the Class Members to participate in mandatory screenings,
15 attend orientations, and trainings without the payment of wages for the entire time they spent
16 attending such work activities. This practice was conducted pursuant to a policy implemented
17 and enforced by Defendants in a uniform manner as to Plaintiff and the Class Members
18 throughout the Class Period. Plaintiff and the Class Members therefore attended such work
19 activities during the Class Period and were not paid all wages for the time they spent attending
20 such activities. These activities were not scheduled to end at a specific time, and no expected
21 duration for participating in such activities was ever communicated by Defendants to Plaintiff
22 and the Class Members.

23     19.    Throughout the Class Period, Defendants maintained and enforced a uniform
24 policy by which they regularly and consistently violated California Labor Code §§ 201, 202,
25 204, 216, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay agreed
26 wages, and at least minimum wages, to Plaintiff and the Class Members for all hours that they
27 worked.

28     20.    During the Class Period, Defendants maintained and enforced a uniform policy by

-5-

*Alfaro v. Sears, Roebuck and Co.*
Case No. 17CV000267      First Amended Class Action Complaint for Damages and For Injunctive Relief

EXHIBIT A - PAGE 14

1 | which they regularly and consistently violated California Labor Code § 204 and the Wage Order
2 | by failing to timely pay Plaintiff and the Class Members for all hours worked.

3 |      21.    During the Class Period, Defendants maintained and enforced a uniform policy by
4 | which they regularly and consistently violated California Labor Code §§ 201 and 202 by failing
5 | to pay Plaintiff and the Class Members all unpaid wages no later than 72 hours after they
6 | voluntary resigned their employment, or, when their employment was involuntary terminated,
7 | immediately on their last day of employment.

8 |      22.    During the Class Period, Defendants maintained and enforced a uniform policy by
9 | which they regularly and consistently failed to provide Plaintiff and the Class Members with
10 | complete and accurate itemized wage statements accurately stating the total hours worked,
11 | overtime hours worked, gross wages earned, net wages earned, all applicable rates of pay and the
12 | corresponding number of hours worked under each rate, all deductions, premium wages owed for
13 | missed rest and meal periods and an accurate accounting for all wages paid to Plaintiff and the
14 | Class Members. Defendants also failed to record in ink or other identifiable form all deductions
15 | from wages showing the month, day and year, and failed to keep a copy of the statements and
16 | records of deductions for three years at the place of employment or at a central location in the
17 | State of California. Defendants also failed to keep accurate information with respect to each
18 | employee, including full name, home address, occupation, birth date, time records showing when
19 | the employee begins and ends each work period, meal periods, split shift intervals, total daily
20 | hours worked and total wages paid each payroll period, including value of board, lodging, or
21 | other compensation actually furnished to the employee.

22 |      23.    During the Class Period, Defendants maintained and enforced a uniform policy by
23 | which they regularly and consistently failed to provide Plaintiff and the Class Members with
24 | complete and accurate Labor Code 2810.5 notice accurately stating (a) the rate or rates of pay
25 | and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or
26 | otherwise, including any rates for overtime, as applicable; (b) allowances, if any, claimed as part
27 | of the minimum wage, including meal or lodging allowances; (c) the regular payday designated
28 | by the employer in accordance with the requirements of this code; (d) the name of the employer,

-6-

1  | including any "doing business as" names used by the employer; (e) the physical address of the
2  | employer's main office or principal place of business, and a mailing address, if different; (f) the
3  | telephone number of the employer; and (g) the name, address, and telephone number of the
4  | employer's workers' compensation insurance carrier.

5  |      24.     Plaintiff and the Class Members are informed and believe, and thereon allege, that
6  | at all times herein mentioned, Defendants were advised by skilled lawyers and other
7  | professionals, employees and advisors knowledgeable about California labor and wage law,
8  | employment and personnel practices, and about the requirements of California law.  Plaintiff and
9  | the Class Members are informed and believe, and thereon allege, that throughout the Class
10 | Period, Defendants knew or should have known each of the following:

11 |      a.     That Plaintiff and the Class Members were entitled to receive their agreed
12 | wage, and no less than minimum wage, as compensation for any and all hours worked by them
13 | and that, in violation of the California Labor Code, they were not in fact receiving either their
14 | agreed wages or at least minimum wage for any and all hours they worked; and

15 |      b.     That Plaintiff and the Class Members were entitled to timely payment of
16 | all wages earned during their employment and at the end of their employment, and that Plaintiff
17 | and the Class Members did not receive payment of all wages earned including, but not limited to,
18 | minimum wages and agreed hourly wages within permissible time periods.

19 |      25.     California Labor Code § 218 states that nothing in Article I of the Labor Code
20 | shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him
21 | under this Article."

22 | **CLASS ACTION ALLEGATIONS**

23 |      26.     Plaintiff YARITZA ALFARO brings this action on behalf of herself and all other
24 | similarly situated persons as a class action pursuant to Code of Civil Procedure § 382.  All claims
25 | alleged herein arise under California law for which Plaintiff seeks relief authorized by California
26 | law.  Plaintiff seeks to represent subclasses composed of and defined as follows:

27 |      A.     <u>Unpaid Wages Worker Subclass:</u>

28 |      All current and former employees of Defendants who were paid an hourly

-7-

*Alfaro v. Sears, Roebuck and Co.*          First Amended Class Action Complaint for Damages
Case No. 17CV000267          and For Injunctive Relief

EXHIBIT A - PAGE 16

1            wage and who worked in a non-exempt position for Defendants in

2            California during the Class Period.

3        B.    <u>Unpaid Wages Former Employees Subclass:</u>

4            All employees of Defendants who were paid an hourly wage, who worked

5            for Defendants in California and whose employment with Defendants was

6            voluntarily or involuntarily terminated during the Class Period.

7    27.    Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or

8 modify the class descriptions with greater specificity, further division into subclasses or with

9 limitations to particular issues.

10    28.    This action has been brought and may be properly maintained as a class action

11 under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at

12 issue herein are common and of general interest to Plaintiff and the Class Members, the parties

13 are numerous, and it would be impracticable to bring the claims alleged herein before the court

14 as individual claims or through some other than a class action, or, with regard to claims asserted

15 under the Private Attorneys General Act, a representative action.

16 **A.    Numerosity**

17    29.    Class Members are so numerous that joinder of all the members of the class is

18 impracticable. While the precise number of members of each subclass has not been determined

19 at this time, Plaintiff is informed and believes, that Defendants currently employ, and during the

20 relevant time periods, regularly employed more than 1,000 employees in California in hourly

21 wage or otherwise non-exempt positions. The identities of the members of each subclass are

22 readily ascertainable by inspection of Defendants' employment records. Moreover, joinder of all

23 members of the proposed subclasses is not practicable and individual damages for each member

24 is not anticipated to be sufficiently high to allow for practical resolution through individualized

25 litigation.

26 **B.    Commonality and Predominance**

27    30.    There are questions of law and fact common to each subclass that predominates

28 over any questions affecting only individual Class Members of each subclass. These common

1 | questions of law and fact include, without limitation:

2 |            a.        Whether Defendants violated Labor Code §§ 1197 and 1197.1 by failing

3 | to pay Plaintiff and the Class Members at least minimum wage as compensation for any and all

4 | work performed by them;

5 |            b.        Whether Defendants violated California Labor Code §§ 201, 202, 204,

6 | 216, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members

7 | agreed wages for all work performed by them;

8 |            c.        Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by

9 | failing to timely pay Plaintiff and the Class Members all wages for work performed by them

10 | during their employment and failing to timely pay Plaintiff and the Class Members at the end of

11 | their employment all wages for work performed by them during their employment;

12 |            d.        Whether  Defendants violated California Labor Code § 226 by failing to

13 | provide accurate itemized wage statements to Plaintiff and the Class Members containing all of

14 | the information required by Labor Code § 226;

15 |            e.        Whether Defendants violated Labor Code § 2810.5 and the Wage Order

16 | by failing to provide Plaintiff and the Class Members at the time of hiring with written notice, in

17 | the language the employer normally uses to communicate, of wage and other employment-

18 | related information required by Labor Code § 2810.5;

19 |            f.        Whether Defendants' failure to pay wages and premiums in accordance

20 | with the California Labor Code and the Wage Order was willful;

21 |            g.        Whether Defendants' conduct as alleged throughout this complaint was

22 | willful or reckless;

23 |            h.        The appropriate amount of damages, restitution and/or monetary penalties

24 | resulting from Defendants' violations of California law;

25 |            i.        Whether Plaintiff and the Class members are entitled to equitable relief,

26 | including but not limited to, injunctive and declaratory relief, pursuant to Business and

27 | Professions Code §§ 17200 *et seq.*; and

28 |            j.        Whether Defendants violated Business and Professions Code §§ *17200 et*

-9-

*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                        and For Injunctive Relief

1 | *seq.*, by failing to pay minimum wage; by failing to pay agreed wages; by failing to timely
2 | provide all wages due to Plaintiff and the Class Members throughout and at the end of their
3 | employment; and by failing to communicate work-related information to Plaintiff and the Class
4 | Members.

5 | **C.    Typicality**

6 |       31.    The claims of Plaintiff YARITZA ALFARO are typical of the claims of the Class
7 | Members.  Plaintiff and the Class Members sustained injuries and damages arising out of and
8 | caused by Defendants' common course of conduct in violation of statutes, common law, Wage
9 | Order and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff shares
10 | a well-defined community of interest with the Class Members and is qualified to, and will, fairly
11 | and adequately protect the interests of each Class Member.

12 | **D.    Adequacy of Representation**

13 |       32.    Plaintiff YARITZA ALFARO will fairly and adequately represent and protect the
14 | interests of the Class Members.  Plaintiff acknowledges Plaintiff's obligation to make known to
15 | the Court any relationship, conflict or difference with any Class Member.  Plaintiff has incurred
16 | and throughout this action will continue to incur, costs and attorneys' fees necessarily expended
17 | for the prosecution of this action for the substantial benefit of each Class Members.  Counsel
18 | who represents Plaintiff is competent and experienced in litigating class actions, versed in the
19 | rules governing class action discovery certification, settlement and trial, and will vigorously and
20 | competently pursue the claims of Plaintiff and the Class Members.

21 | **E.    Superiority**

22 |       33.    The nature of this action makes the use of class action adjudication superior to
23 | other methods.  The class action will achieve economies of time, effort and expense as compared
24 | with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent
25 | outcomes because the same issues will be adjudicated in the same manner and at the same time
26 | for the entire class.

27 | **F.    Public Policy Consideration**

28 |       34.    Employers in the State of California violate employment and labor laws on a daily

-10-

1 | basis. Employees are often intimidated and afraid to assert their rights out of fear that they will
2 | be subjected direct or indirect retaliation by their employers. Former employees (those who are
3 | no longer employed by a particular employer who had subjected them to employment and labor
4 | law violations) are fearful of brining actions against their former employers because they believe
5 | their former employers might damage their future endeavors through negative references and/or
6 | other means. Class actions provide Class Members who are not named in the complaint with
7 | vindication of their rights while also protecting their privacy and shielding them from retaliation.

## FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage
**(Labor Code §§ 1197 and 1199; the Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

35.    Plaintiff and the Class Members incorporate by reference all of the allegations
contained in the preceding paragraphs as though fully set forth herein.

36.    Labor Code §1197 provides that it is unlawful to pay less than the minimum wage
established by law. Throughout the Class Period, Defendants repeatedly failed to pay Plaintiff
and the Class Members the minimum wage for all hours worked, as required by the applicable
wage order, violating the provisions of Labor Code §1197.

37.    Labor Code § 1194 provides that "any employee receiving less than the legal
minimum wage or the legal overtime compensation applicable to the employee is entitled to
recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime
compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

38.    Throughout the Class Period, Defendants' conduct as alleged herein amounted to
a uniform pattern of unlawful wage and hour practices which resulted from the implementation
of uniform policies and practices by which Defendants failed to accurately record all hours
worked by Plaintiff and the Class Members thereby denying payment of minimum wages to
Plaintiff and the Class Members for hours worked.

39.    In committing the violations of the California Labor Code as alleged herein,
Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other
benefits in violation of the California Labor Code, the Industrial Welfare Commission

-11-

1  requirements and other applicable laws and regulations.

2       40.    As a direct result of Defendants' unlawful wage practices as alleged herein,

3  Plaintiff and the Class Members have been denied full compensation for all hours worked by

4  them including, but not limited to, minimum wages for hours worked.

5       41.    Pursuant to Labor Code §1199, an employer who (a) requires or causes any

6  employee to work for longer hours than those fixed, or under conditions of labor prohibited by

7  an order of the commission (b) pays or causes to be paid to any employee a wage less than the

8  minimum fixed by an order of the commission and (c) violates and refuses or neglects to comply

9  with any provision of this chapter or any order or ruling of the commission, is punishable by a

10  fine of not less than one hundred dollars ($100.00).

11      42.    Plaintiff and the Class Members are entitled to recover wages from Defendants, in

12  an amount to be proven at trial, because of Defendants' payment of wages less than minimum

13  wage.

14      43.    Plaintiff and the Class Members were required to retain attorneys to bring this

15  action and are entitled to interest an award of reasonable attorneys' fees pursuant to Labor Code §

16  1194.

17      44.    Plaintiff and the Class Members are entitled to liquidated damages pursuant to

18  Labor Code § 1194.2.

19      45.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

20  for.

21               **SECOND CAUSE OF ACTION**
                 **Failure and Refusal to Pay Agreed Wages**
22  **(California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, 1198; the Wage Order)**
                 **(Plaintiff and the Class Members against Defendants)**
23      46.    Plaintiff and the Class Members incorporate by reference all of the allegations

24  contained in the preceding paragraphs as though fully set forth herein

25      47.    Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194 and 1198, together with

26  the Wage Order, provide that employees have an immediate and vested right to receive agreed

27  wages for work they were engaged, suffered and permitted to perform.

28      48.    At all times herein alleged, as a result of uniform policies maintained and

                                    -12-
*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                              and For Injunctive Relief

EXHIBIT A - PAGE 21

1    enforced by Defendants, the object and/or foreseeable consequence of which were to deny such
2    wages to Plaintiff and the Class Members, Defendants employed Plaintiff and the Class
3    Members at agreed wages and refused to pay such wages to Plaintiff and the Class Members for
4    all hours they worked by a multitude of unlawful practices including, but not limited to:
5                    a.      participation in unpaid mandatory screenings; and
6                    b.      participation in unpaid mandatory onboarding and orientation activities.
7         49.      Defendants at all times knew or had reason to know that Plaintiff and the Class
8    Members were performing the aforementioned work without pay and that the practices
9    referenced above deprived Plaintiff and the Class Members of wages for work performed by
10   them.
11        50.      At all times herein alleged, Labor Code § 223 provided, in relevant part: "Where
12   any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful
13   to secretly pay a lower wage while purporting to pay the wage designated by . . . contract." At
14   all times herein alleged, Plaintiff and Defendants were parties to an employment contract
15   pursuant to which they had agreed Plaintiff were to be paid a designated wage scale, which
16   included, but was not limited to, the payment of wages for each hour worked as required by the
17   Labor Code and the Wage Order.  By repeatedly and consistently failing to pay regular wages to
18   at the agreed wage scale as required by the Labor Code and the Wage Order, as elsewhere
19   alleged herein, Defendants violated Labor Code § 223, depriving Plaintiff of the payment of
20   wages according to the agreed wage scale.
21        51.      Pursuant to Labor Code § 216, Defendants are guilty of a misdemeanor for
22   willfully refusing "to pay wages due and payable after demand has been made."
23        52.      Defendants continually failed and refused to pay to Plaintiff and the Class
24   Members all wages earned, despite demands being made.
25        53.      Pursuant to Labor Code § 225.5, an employer who unlawfully withholds wages
26   due to an employee in violation of § 216 shall be subject to a civil penalty.  One hundred dollars
27   ($100.00) is assessed for the initial violation for each failure to pay each employee, and two
28   hundred dollars ($200.00) for each subsequent violation, in addition to twenty five (25%) percent

-13-

1  of the amount unlawfully withheld.

2      54.    As a direct and proximate result of Defendants' willful refusal to pay all wages

3  due to Plaintiff and the Class Members, Defendants are liable for wages owing and unpaid, with

4  interest thereon, and for penalties under Labor Code § 225.5.

5      55.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

6  for.

7  <div align="center">**THIRD CAUSE OF ACTION**</div>
8  <div align="center">**Failure to Pay Wages Timely**
<div align="center">**(California Labor Code § 204; the Wage Order)**</div>
9  <div align="center">**(Plaintiff and the Class Members against all Defendants)**</div>

10     56.    Plaintiff and the Class Members incorporate by reference all of the allegations

11 contained in the preceding paragraphs as though fully set forth herein

12     57.    Labor Code § 204 provides in relevant part: "All wages, other than those

13 mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment

14 are due and payable twice during each calendar month, on days designated in advance by the

15 employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of

16 any calendar month shall be paid for between the 16th and the 26th day of the month during

17 which the labor was performed, and labor performed between the 16th and the last day,

18 inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

19 month."

20     58.    During the Class Period, Defendants failed to pay timely or otherwise,

21 compensation to Plaintiff and the Class Members for all hours they worked, including but not

22 limited to wages for all hours worked, in violation of California Labor Code § 204.

23     59.    Defendants' violations of California Labor Code § 204 were repeated, willful and

24 intentional.

25     60.    Plaintiff and the Class Members have been damaged by said violations of

26 California Labor Code § 204.

27     61.    In addition to compensation for all hours worked, Defendants are also liable to

28 Plaintiff and the Class Members for statutory penalties pursuant to California Labor Code § 210

<div align="center">-14-</div>

*Alfaro v. Sears, Roebuck and Co.*    First Amended Class Action Complaint for Damages
Case No. 17CV000267    and For Injunctive Relief

EXHIBIT A - PAGE 23

1 | for their violations of California Labor Code § 204.

2 | 62.   WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

3 | for.

4

### FOURTH CAUSE OF ACTION
**Failure to Pay All Wages Upon Termination**
5 | **(California Labor Code §§ 201, 202, and 203; the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

6

7 | 63.   Plaintiff and the Class Members incorporate by reference all of the allegations

contained in the preceding paragraphs as though fully set forth herein

8

9 | 64.   California Labor Code § 201.3(b)(4) states that the wages of an employee who is

10 | discharged are due and payable as provided in Labor Code § 201.  California Labor Code § 201

11 | provides if an employer discharges an employee, the wages earned and unpaid at the time of

12 | discharge are due and payable immediately.

13 | 65.   California Labor Code § 201.3(b)(5) states that the wages of an employee who is

14 | discharged are due and payable as provided in Labor Code § 202.  California Labor Code § 202

15 | provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an

16 | employee quits his or her employment, unless the employee has given 72 hours previous notice

17 | of his or her intention to quit, in which case the employee is entitled to his or her wages at the

18 | time of quitting.

19 | 66.   California Labor Code § 203 provides that if an employer willfully fails to pay

20 | wages owed in accordance with California Labor Code §§ 201, 201.3 and 202, then the wages of

21 | the employee shall continue as a penalty from the due date, and at the same rate until paid, but

22 | the wages shall not continue for more than thirty (30) days.

23 | 67.   Plaintiff and the Class Members, whose employment with the Defendants ended

24 | as set forth elsewhere herein, were entitled to be promptly paid compensation by the Defendants

25 | as required by California Labor Code §§ 201, 201.3 and 202.  Plaintiff and the Class Members

26 | were not fully paid all wages due to them within the time required by California Labor Code §§

27 | 201, 201.3 and 202.  Accordingly, Plaintiff and the Class Members seek the payment of

California Labor Code § 203 penalties, in an amount according to proof.

28

-15-

*Alfaro v. Sears, Roebuck and Co.*          First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                    and For Injunctive Relief

EXHIBIT A - PAGE 24

68.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### FIFTH CAUSE OF ACTION
**Failure to Comply with Itemized Employee Wage Statement Requirements**
**(California Labor Code §§ 226, 1174 and 1175; the Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

69.     Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

70.     Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiff and the Class Members.

71.     Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

72.     Labor Code § 226(a) and the Wage Order provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the last four digits of the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee.  Labor Code § 226(a) mandates that deductions made from payments of wages

-16-

1  shall be recorded in ink, properly dated and a copy of the statement or a record of deductions be

2  kept on file by the employer for at least three years. Moreover, the Wage Order requires

3  Defendants to maintain time records for each employee showing including, but not limited to, an

4  accurate report of the total hours worked by each employee, when the employee begins and ends

5  each work period, meal periods, and total daily hours worked in itemized wage statements, and

6  all deductions from payment of wages.

7  　　　73.　　Throughout the Class Period, Defendants have regularly and consistently,

8  intentionally and willfully, failed to provide Plaintiff and the Class Members with complete and

9  accurate wage statements. The deficiencies include, among other things, the failure to include

10  the total number of hours worked by Plaintiff and the Class Members, the failure to report

11  overtime pay rates, the failure to report rest and meal period premiums owed, and the failure to

12  list all applicable hourly rates.

13  　　　74.　　The Wage Order provides that an employer must keep accurate information with

14  regard to each employee, which shall include time records showing when the employee begins

15  and ends each work period, split shift intervals, total daily hours worked and total hours worked

16  in the pay period and the applicable rates of pay.

17  　　　75.　　During the Class Period, Defendants continually failed to keep accurate records

18  and information with regard to Plaintiff and the Class Members as required by the Wage Order.

19  Defendants repeatedly provided Plaintiff and the Class Members with wage statements that,

20  among other inaccuracies, failed to include complete and accurate information on the following:

21  (1) gross wages earned; (2) total hours worked by each employee; (3) the number of piece-rate

22  units earned and any applicable piece rate when Plaintiff and the Class Members were paid on a

23  piece-rate basis; (4) all deductions from Plaintiff's and the Class Members' wages; (5) Plaintiff's

24  and the Class Members' net wages earned; (6) the inclusive dates of the period for which

25  Plaintiff and the Class Members were paid; (7) Plaintiff's and the Class Members' names and the

26  last four digits of their social security number or an employee identification number other than a

27  social security number; (8) the name and address of the legal entity that is the employer; and (9)

28  all applicable hourly rates in effect during the pay period and the corresponding number of hours

-17-

1  worked at each hourly rate by Plaintiff and the Class Members.

2  76.  As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as
3  well as the Wage Order, Plaintiff and the Class Members have suffered injury and damage to
4  their statutorily-protected rights.  These injuries and damages include, but are not limited to, the
5  denial of their legal right to receive and their protected interest in receiving accurate, itemized
6  wage statements under Labor Code § 226(a).  Moreover, the inaccurate and incomplete wage
7  statements provided by Defendants deceived Plaintiff and the Class Members about the wages
8  and other compensation to which they were entitled and deprived them of such wages and
9  compensation.  As a further result of Defendants' failure to provide Plaintiff and the Class
10  Members with accurate wage statements in accordance with Labor Code § 226 and to keep
11  accurate time records as required by the Wage Order and 8 CCR section 11014 (7), Plaintiff and
12  the Class Members have suffered injuries and are entitled to penalties under Labor Code § 226
13  and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to a
14  civil penalty in the amount of $250.00 per employee per violation in an initial citation.  The civil
15  penalty provided for in this section is in addition to any other penalty provided by law, in an
16  amount to be proven at trial.  The injuries suffered by Plaintiff and the Class Members include,
17  but are not limited to, having been, and continuing to be, forced to conduct investigations and
18  perform mathematical computations in an attempt to reconstruct their time records; the inability
19  to reconstruct their time records; the inability to discern the amount of wages they were paid
20  and/or the applicable wage rate; the inability to determine the number of hours including, but not
21  limited to, overtime hours they worked; the inability to determine the number of rest periods and
22  meal periods they were forced to forego; the inability to determine whether they were
23  compensated for all meal and rest periods of which they had been deprived; the inability to
24  determine whether they were paid all wages due for work they performed; the inability to
25  determine the amount of wages owing and unpaid; having been, and continuing to be, forced to
26  hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

27  77.  Plaintiff and the Class Members are further entitled to recover from Defendants
28  the greater of their actual damages caused by Defendants' failure to comply with Labor Code §

-18-

*Alfaro v. Sears, Roebuck and Co.*  First Amended Class Action Complaint for Damages
Case No. 17CV000267  and For Injunctive Relief

1  226(a), or an aggregate penalty not exceeding $4,000.00.

2      78.    Plaintiff and the Class Members are also entitled to injunctive relief to ensure

3  compliance with this section, pursuant to Labor Code § 226(g).

4      79.    Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a

5  knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled

6  to recover the greater of all actual damages or $50.00 for the initial pay period in which a

7  violation occurs and $100.00 per employee for each violation in a subsequent pay period, not

8  exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable

9  attorneys' fees.  Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive

10  relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and

11  reasonable attorneys' fees.

12      80.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

13  for.

## SIXTH CAUSE OF ACTION
**California Labor Code Private Attorneys General Act of 2004; Labor Code §§ 2698 et seq.**
**(Plaintiff and all Class Members Against all Defendants)**

16      81.    Plaintiff and the Class Members incorporate by reference herein all of the

17  allegations contained in the preceding paragraphs as though fully set forth herein

18      82.    California Labor Code §§ 2698 et seq. ("PAGA") permits Plaintiff to recover civil

19  penalties for the violations of the Labor Code as enumerated in Labor Code § 2699.5.

20      83.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

21  plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

22  under this part at any time within 60 days of the time periods specified in this part."

23      84.    Defendants' conduct, as alleged herein, violates numerous sections of the

24  California Labor Code, including but not limited to, the failure to pay minimum wages, the

25  failure to pay agreed wages, the failure to pay wages timely, the failure to pay all wages upon

26  termination, and the failure to provide complete and accurate wage statements.

27      85.    Labor Code § 558(a) provides "[a]ny employer or other person acting on behalf of

28  an employer who violates, or causes to be violated, a section o this chapter or any provision

-19-

*Alfaro v. Sears, Roebuck and Co.*                First Amended Class Action Complaint for Damages
Case No. 17CV000267                                   and For Injunctive Relief

EXHIBIT A - PAGE 28

1 | regulating hours and days of work in any order of the Industrial Welfare Commission shall be
2 | subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each
3 | underpaid employee for each pay period for which the employee was underpaid in addition to an
4 | amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred
5 | dollars ($100) for each underpaid employee for each pay period for which the employee was
6 | underpaid in addition to an amount sufficient to recover the underpaid wages. (3) Wages
7 | recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c)
8 | provides "[t]he civil penalties provided for in this section are in addition to any other civil or
9 | criminal penalty provided by law."

10 | 86.   Defendants, at all times relevant to this complaint, were an employer or person
11 | acting on behalf of an employer who violated Plaintiff's and the Class Members' rights by
12 | violating various sections of the California Labor Code as set forth above.

13 | 87.   As set forth above, Defendants have violated numerous provisions of both the
14 | Labor Code sections regarding hours and days of work as well as the Wage Order. Accordingly,
15 | Plaintiff seeks the remedies set forth in Labor Code § 558 for herself, the State of California and
16 | all other aggrieved employees.

17 | 88.   Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3,
18 | 2699.5, and 558, Plaintiff, acting in the public interest as a private attorney general, seeks
19 | assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved
20 | employees and the State of California against Defendants, in addition to other remedies, for
21 | violations of California Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 226, 1174, 1175,
22 | 1194, 1197, 1198, and 1199.

23 | 89.   WHEREFORE, Plaintiff and the Class Members request relief as herein prayed
for.

24 | ### SEVENTH CAUSE OF ACTION
**Unfair Business Practices**
25 | **(California Business and Professions Code §§ 17200 et seq. and Common Law; the Wage Order)**
26 | **(Plaintiff and all Class Members against all Defendants)**

27 | 90.   Plaintiff and all Class Members hereby incorporate by reference all of the
28 | allegations contained in the preceding paragraphs as though fully set forth herein.

-20-

1    91.    Plaintiff and the Class Members suffered direct injury as a result of the

2  Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of

3  Civil Procedure § 382. The deprivation by Defendants of Plaintiff and the Class Members of

4  wages due is unlawful business practices within the meaning of Business and Professions Code

5  §§ 17200 *et seq.*, including but not limited to, violation of the Wage Order, regulations, and

6  statutes, and further, whether or not in violation of the aforementioned Wage Order, regulation

7  and statutes, amount to practices which are otherwise unfair.

8    92.    Under Business and Professions Code §§ 17200 *et seq.*, including, but not limited

9  to, §§ 17201, 17203 and 17208, Plaintiff assert standing on their own behalf and on the behalf of

10  each of the subclasses alleged herein. Plaintiff and all Class Members seek, among others,

11  restitution of compensation due during the Class Period.

12    93.    During the Class Period, Defendants, and each of them, have committed

13  violations of law, as described herein, including, but not limited to:

14         a.    Failing and refusing to pay all hours worked;

15         b.    Failing and refusing to pay wages when due;

16         c.    Failing and refusing to pay minimum wage;

17         d.    Failing and refusing to pay agreed wages for all work performed by them;

18         e.    Failing and refusing to provide accurate itemized wage statements; and

19         f.    Failing and refusing to provide accurate Labor Code § 2810.5 notices.

20    94.    These unlawful and unfair business practices defeat the public interest purposes of

21  the State's labor laws, as set forth in the California Labor Code and the Industrial Wage Order,

22  which promote compliance with labor laws and employment regulations by participants in

23  Defendants' industry.

24    95.    Defendants' unfair and unlawful business practices thus have imposed harm on

25  their employees and their competitors and will continue to do so until abated. As a result of

26  these unfair and unlawful business practices, Defendants have retained monies belonging to

27  Plaintiff and the Class Members and they have been unjustly enriched at Plaintiff's and Class

28  Member's expense. Plaintiff and the Class Members are entitled to restitution of the wages

-21-

*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                            and For Injunctive Relief

EXHIBIT A - PAGE 30

1  withheld and retained by Defendants during the Class Period and a preliminary and permanent

2  injunction requiring Defendants to pay all outstanding wages due to Plaintiff and the Class

3  Members.

4        96.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

5  Members have suffered injury and loss of money.

6        97.    This action will result in the enforcement of an important right affecting the

7  public interest. The conduct of Defendants as alleged herein has been and continues to be unfair,

8  unlawful and harmful to Plaintiff and the Class Members, the members of each subclass, and the

9  general public. Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class

10  Members are entitled to an award of reasonable attorneys' fees according to proof.

11        98.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

12  for.

13                         **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiff on her own behalf and on behalf of the Class Members prays as

15  follows:

16                         **CLASS CERTIFICATION**

17        1.    That this action be certified as a class action and that each subclass identified

18  herein be certified;

19        2.    That Plaintiff YARITZA ALFARO be appointed as the representative of all the

20  Class Members;

21        3.    That counsel for Plaintiff be appointed as class counsel.

22        **AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION**

23        4.    That the Court declare, adjudge and decree that Defendants violated California

24  Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1197, 1198, 1199, and the Wage Order by

25  failing to pay all compensation owed and failing to timely pay all compensation owed;

26        5.    For all actual, consequential and incidental losses and damages, according to

27  proof;

28        6.    For statutory wage penalties in favor of Plaintiff and the Class Members pursuant

-22-

*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                    and For Injunctive Relief

1    to California Labor Code § 210;

2        7.      For prejudgment interest on any unpaid wages for the date such amounts were

3    due;

4        8.      For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5    herein pursuant to California Labor Code §§ 210, 211, 218.5, 1194, 1197, 1197.1; and

6        9.      For such other further relief as the Court may deem equitable and appropriate.

7                        **AS TO THE FOURTH CAUSE OF ACTION**

8        10.     That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

10   Plaintiff and the Class Members termination of employment;

11       11.     For all actual, consequential and incidental losses and damages, according to

12   proof;

13       12.     For statutory wage penalties in favor of Plaintiff and the Class Members that have

14   left Defendants' employ, pursuant to California Labor Code § 203;

15       13.     For prejudgment interest on any unpaid wages for the date such amounts were

16   due;

17       14.     For all reasonable attorneys' fees and costs of suit incurred herein pursuant to

18   California Labor Code §§ 203, 218.6, 218.5; and

19       15.     For such other further relief as the Court may deem equitable and appropriate.

20                        **AS TO THE FIFTH CAUSE OF ACTION**

21       16.     That the Court declare, adjudge and decree that Defendants violated the record

22   keeping provisions of California Labor Code § 226 and the Wage Order as to Plaintiff and the

23   Class Members that Defendants willfully failed to provide accurate itemized wage statements to

24   Plaintiff and the Class Members;

25       17.     For all actual, consequential and incidental losses and damages, according to

26   proof;

27       18.     For statutory penalties pursuant to California Labor Code § 226(e);

28       19.     For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

-23-

*Alfaro v. Sears, Roebuck and Co.*                    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                                        and For Injunctive Relief

1 | California Labor Code § 226(g);

2 | 20. For all civil penalties and reasonable attorneys' fees and costs of suit incurred

3 | herein pursuant to California Labor Code § 226.3; and

4 | 21. For such other further relief as the Court may deem equitable and appropriate.

5 | **AS TO THE SIXTH CAUSE OF ACTION**

6 | 22. That the Court declare, adjudge and decree that Defendants violated the California

7 | Labor Code Private Attorneys General Act of 2004; Labor Code §§ 2698 *et seq.* by Defendants

8 | violation of California Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 226, 1174, 1175,

9 | 1194, 1197, 1198, and 1199, and the Wage Order;

10 | 23. For all actual, consequential and incidental losses and damages, according to

11 | proof;

12 | 24. For statutory penalties pursuant to California Labor Code § 2699(f);

13 | 25. For injunctive relief to ensure compliance with this section, pursuant to California

14 | Labor Code § 2699 et seq.;

15 | 26. For all civil penalties and reasonable attorneys' fees and costs of suit incurred

16 | herein pursuant to California Labor Code § 2699(g); and

17 | 27. For such other further relief as the Court may deem equitable and appropriate.

18 | **AS TO THE SEVENTH CAUSE OF ACTION**

19 | 28. That the Court declare, adjudge and decree that Defendants violated Business and

20 | Professions Code §§ 17200 *et seq.*, by failing to provide Plaintiff and the Class Members with

21 | failing to pay all hours worked, for failing to timely provide Plaintiff and the Class Members all

22 | compensation due to them during their employment and at termination;

23 | 29. For restitution of unpaid wages and penalties to Plaintiff and all the Class

24 | Members, and for prejudgment interest from the day such amounts were due and payable;

25 | 30. For the appointment of a Receiver to receive, manage and distribute any and all

26 | funds disgorged from Defendants and determined to have been wrongfully acquired by

27 | Defendants as a result of violation of Business and Professions Code §§ 17200 *et seq.*;

28 | 31. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

-24-

*Alfaro v. Sears, Roebuck and Co.*    First Amended Class Action Complaint for Damages
Case No. 17CV000267                                      and For Injunctive Relief

1  of Civil Procedure § 1021.5;

2      32.    For injunctive relief to ensure compliance with this section, pursuant to Business

3  and Professions Code §§ 17200 *et seq.*; and

4      33.    For such other and further relief as the Court may deem equitable and appropriate.

5  **DEMAND FOR JURY TRIAL**

6      Plaintiff and the Class Members hereby demand trial of their claims by jury to the extent

7  authorized by the laws of the State of California and the United State of America.

8
9  Date: April 26, 2017              FITZPATRICK, SPINI & SWANSTON

10
11                           By: /s/ B. James Fitzpatrick

                         B. James Fitzpatrick, Esq.
12                           Attorneys for Plaintiff,
                         YARITZA ALFARO on behalf of herself
13                           and all other similarly situated employees

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-